### UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

---

Shannon Tyrone Craig,                                    Civ. No. 19-1209 (DSD/BRT)

            Plaintiff,

v.                                                                   **REPORT AND**
                                                                     **RECOMMENDATION**
Minnesota Department of Corrections
Commissioner,

            Defendant.

---

In an order dated May 9, 2019, this Court denied the application to proceed *in forma pauperis* ("IFP") of Plaintiff Shannon Tyrone Craig on the grounds that he had previously incurred three or more "strikes" pursuant to 28 U.S.C. § 1915(g). (*See* Doc. No. 4.) Craig was given until June 7, 2019, to proceed as a non-IFP litigant and pay the $400 filing fee for this action, failing which it would be recommended that this action be dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

That deadline has now passed, and Craig has not paid the required filing fee. Craig has instead written two letters to the Court averring that he is unable to pay the filing fee and that, although his prior actions were dismissed, they were not frivolous or filed with malicious intent. (*See* Doc. Nos. 6 & 7.) But not only frivolous and malicious lawsuits incur a strike under § 1915(g). Any civil action brought by a prisoner that was dismissed for failure to state a claim on which relief may be granted also incurs a strike. As set forth in this Court's prior order, Craig has incurred several strikes for filing lawsuits dismissed

on that basis. Accordingly, § 1915(g) prohibits the Court from allowing Craig to proceed without payment of the required filing fees unless the complaint establishes that he is under imminent danger of serious physical injury. Craig's Complaint contains no such allegations regarding imminent physical injury. Thus, Craig cannot proceed IFP and, like any other non-IFP litigant, he must pay the filing fee for this action before proceeding.

Because Craig has not paid the filing fee and the deadline for doing so has passed, this Court now recommends, in accordance with its prior order, that this action be dismissed without prejudice under Rule 41(b) for failure to prosecute. *See Henderson v. Renaissance Grand Hotel*, 267 Fed. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 41(b) for failure to prosecute.

Dated: June 17, 2019                    *s/ Becky R. Thorson*
                                        BECKY R. THORSON
                                        United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).